UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**BILLY DALE SANDERS and JUDY DIANNE SANDERS**                                    **PLAINTIFFS**

**V.**                                                      **CIVIL ACTION NO.1:07CV988 LTS-RHW**

**NATIONWIDE MUTUAL FIRE INSURANCE COMPANY**                            **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

The Court has before it Nationwide Mutual Fire Insurance Company's (Nationwide) Motion for Judicial Estoppel [114]. This motion has two parts:

First, Nationwide asks the Court to find, as it has on many other occasions, that the plaintiffs' having accepted flood insurance benefits is a judicial admission that the insured property sustained flood damage at least equal to the benefits the plaintiffs collected. This part of Nationwide's motion will be granted.

Second, Nationwide asks the Court to find that the plaintiffs are estopped from presenting evidence that the insured building (the plaintiffs' dwelling and other structures) had a greater value at the time of loss than the value reflected in documents prepared in connection with the plaintiffs' Mississippi Development Authority (MDA) grant. This part of Nationwide's motion will be denied.

### Basic Undisputed Facts

At the time of Hurricane Katrina, plaintiffs owned a home at 408 Graveline Road, Gautier, Mississippi. The plaintiffs' home and its contents were destroyed in the storm. Plaintiffs' Nationwide homeowners policy (number 63 23 MP 065 096) provides coverage limits of $199,400 (dwelling), $19,940 (other structures) $145,815 (personal property), and $39,880 (loss of use). Nationwide has paid, under this homeowners policy, $94,266.92 (check number 0077107779) for wind damage to the plaintiffs' dwelling and $6,271.77 (check number 00771077780) for wind damage to the plaintiffs' other structures. Nationwide has also paid $9,000 in additional living expenses, but that coverage has not yet been exhausted. There has been no payment under the homeowners policy for damage to the plaintiffs' personal property.

Plaintiffs' Standard Flood Insurance Policy (SFIP), also sold by Nationwide, provided limits of $108,900 (building) and $49,700 (contents).  The flood insurance limits have been tendered by Nationwide and accepted by the plaintiffs.  The remaining dispute centers on the question of what damage was done by wind (a loss covered by the Nationwide homeowners policy) versus that done by storm surge flooding (a loss excluded by the Nationwide homeowners policy).

### Calculation of the Plaintiffs' Uncompensated Losses

The documents now in the record do not conclusively establish the pre-storm value of the insured dwelling.  The "Homeowners Assistance Grant To-Do List" indicates that the dwelling had an "Insurable Value" of $219,340 and an "Allied Cost to Repair" of $280,760.  These are the figures that Nationwide is asking the Court to accept as an upper limit for the plaintiffs' total claim for damages to their insured dwelling.  I cannot determine the identity of the firm nor the individual who made these estimates.  I infer that these figures do not include the value of the contents of the plaintiffs' dwelling nor the value of the plaintiffs' other insured structures.  The MDA grant program does not purport to take the value of personal property or other structures into consideration.  This document is not signed by the plaintiffs, and there is no indication that it was the plaintiffs who made this estimate of the value of their insured property.

This document does state:  "If any of the information below has been reported in error, please contact us immediately at 1-866-369-6302."   MDA furnished the plaintiffs a copy of this document, and Nationwide asserts that because the plaintiffs did not contest this figure, they should not be allowed to present evidence that their home has a higher pre-storm value.  While this estimate, if properly authenticated and sponsored, may be evidence that is relevant to the issue of the pre-storm value of the insured property, I do not believe it is conclusive on this issue of fact.  Nor do I believe that the plaintiffs' having accepted the MDA grant that contains this estimate constitutes an admission or an affirmation that this value is accurate.  Insured value may be different from actual cash value or replacement cost, and it is these latter values, rather than the insured value, that are potentially relevant in calculating benefits under the insurance coverage at issue.

The pre-storm value of the insured property (the dwelling, its contents, and other structures) represents the maximum recovery the plaintiffs may obtain from all applicable insurance coverages under the indemnity principle.  Unless the insurance policy under consideration provides coverage for replacement cost, inflation, or other factors that may cause the insurance benefits to exceed the pre-storm value of the building (and the plaintiffs' Nationwide homeowners policy does contain provisions of this type), the pre-storm value of the insured property provides a ceiling on the amount of the plaintiffs' total potential insurance recovery from all sources.

  The current remaining Nationwide homeowners policy limit for the insured dwelling is $105,133.08 (dwelling limits of $199,400 less benefits of $94,266.92 paid for windstorm damage to the dwelling) and the remaining Nationwide policy limit for other buildings is $13,668.23 (other structures limits of $19,940 less benefits of $6,271.77). The plaintiffs' maximum recovery in this action under their Nationwide homeowners policy will be the lesser of: a) the remaining Nationwide coverage; or b) the amount of uncompensated wind damage to the insured property that is established by the evidence (taking into consideration both the payments made by Nationwide under its homeowners policy and the payments made under the plaintiffs' SFIP). The plaintiffs' recovery would be enhanced to account for inflation, in accordance with the terms of the Nationwide homeowners policy.

  I will grant Nationwide's Motion for Judicial Estoppel [114] to the extent that the plaintiffs' application for the MDA grant constitutes an admission that there was some amount of flood damage to the plaintiffs' home, and I will deny the remainder of this motion.

  Accordingly, it is

  **ORDERED**

  That the motion [114] of Nationwide Mutual Fire Insurance Company [114] is **GRANTED IN PART** and **DENIED IN PART** in accordance with the terms set out above.

  **SO ORDERED** this 20th day of November, 2008.

            s/ L. T. Senter, Jr.
            L. T. SENTER, JR.
            SENIOR JUDGE