**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**


**BILLY DALE SANDERS and JUDY DIANNE SANDERS**                    **PLAINTIFFS**

**V.**                                                **CIVIL ACTION NO.1:07CV988 LTS-RHW**

**NATIONWIDE MUTUAL FIRE INSURANCE COMPANY**                    **DEFENDANTS**


**MEMORANDUM OPINION AND ORDER**

The Court has before it Nationwide Mutual Fire Insurance Company's (Nationwide) Motion for Summary Judgment [116].  Nationwide's motion asserts several grounds for relief:

First,  Nationwide asserts that the plaintiffs' having collected flood insurance benefits forecloses their claims for wind damage and additional living expenses. Nationwide has offered no evidence that conclusively establishes that all of the storm damage to the insured property was caused by storm surge flooding.  The issue of the extent of damage caused by wind (a covered loss) and the extent of the damage caused by storm surge flooding (an excluded loss) is fairly in dispute.  Thus Nationwide is not entitled to summary judgment on this basis.

Second, Nationwide asserts that it is entitled to summary judgment with respect to the plaintiffs' contention that Nationwide has waived some of its policy defenses by its actions in adjusting the plaintiffs' claim.  I find that there is a genuine issue of material fact concerning the plaintiffs' waiver claims in, for example, the assertion that Nationwide's payment of additional living expenses constitutes a waiver of the argument that they were not owed, at least to the extent of the payments Nationwide actually made.  With respect to the plaintiffs' theory that Nationwide has somehow waived its right to present evidence that came into Nationwide's hands after the plaintiffs' claim was denied, I find the waiver theory to be without merit.  See *Penthouse Owners Ass'n, Inc. v. Certain Underwriters at Lloyd's London*, 2008 WL 2725068.  This much of Nationwide's motion is well taken and will be granted.

Third, Nationwide asserts that it is entitled to summary judgment with respect to the plaintiffs' theory of "unjust enrichment/constructive trust."  This theory of recovery is found in Count Five of the Amended Complaint [18].  The allegations made in support of this theory add nothing to the plaintiffs' contract claims under the policy.  I will grant Nationwide's motion with respect to this theory of recovery.

Fourth and finally, Nationwide asserts that it is entitled to summary judgment on the plaintiffs' claim for bad faith in adjusting the plaintiffs' claim.

Plaintiffs acknowledge, in their response to Nationwide's motion, that there is a dispute about the sequence of events, and hence the cause of damage, at the insured property. Nationwide honored the plaintiffs' SFIP coverage and paid the limits of that coverage after inspecting the remains of the insured property. After first denying coverage under the plaintiffs' homeowners policy (on or about January 30, 2006), Nationwide ultimately paid a substantial part of its dwelling and other structures coverages in July 2007. Nationwide paid $94,266.92 for wind damage to the plaintiffs' dwelling and $6,271.77 for wind damage to the plaintiffs' other structures. Nationwide made no payment for damage to the plaintiffs' personal property. Nationwide also paid $9,000 in additional living expenses.

Plaintiffs assert that Nationwide's reliance on its "Anti-Concurrent Causation Clause" is evidence of its bad faith. That contract provision of Nationwide's homeowners policy No. 63 23 MP 065096 appears in the section of the policy entitled "Property Exclusions" and states:

> 1.    *We do not cover loss to any property resulting directly or indirectly from any of the following. Such a loss is excluded even if another peril or event contributed concurrently or in any sequence to cause the loss.*

This provision preserves the policy exclusion for damage caused by storm surge flooding. The terms "such loss" and "the loss" in the second sentence of this provision refer, in the circumstances of this case, to damage caused by storm surge flooding. Because there is a dispute about what damage was caused by storm surge flooding, I do not believe Nationwide's reliance on this provision constitutes bad faith. My interpretation of this provision is set out in *Dickinson v. Nationwide*, 2008 WL 941783.

Plaintiffs also question whether Nationwide's year-long delay in making any payment under its dwelling and other structures coverages and Nationwide's refusal of their claim for damage to their personal property is reasonable. There are disputed issues of fact involved in resolving this portion of the plaintiffs' claim, and Nationwide has not offered the conclusive evidence that would justify my ruling in its favor on the issue of good faith as a matter of law. Because this is to be a bifurcated trial, no evidence of bad faith will be admissible unless and until the plaintiffs establish a right to recover the contract damages they are claiming.

I will grant Nationwide's Motion for Summary Judgment [116] on the plaintiffs' theory of "unjust enrichment/constructive trust" and on the merits of the plaintiffs' theory that Nationwide should be foreclosed from presenting evidence not in hand at the time the plaintiffs' claim was denied. I will deny the remainder of this motion.

Accordingly, it is

**ORDERED**

That the motion [116] of Nationwide Mutual Fire Insurance Company [114] for summary judgment is **GRANTED IN PART** and **DENIED IN PART** in accordance with the terms set out above.

**SO ORDERED** this 24th day of November, 2008.

s/ <u>L. T. Senter, Jr.</u>
L. T. SENTER, JR.
SENIOR JUDGE