UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**BILLY DALE SANDERS and JUDY DIANNE SANDERS**               **PLAINTIFFS**

**V.**                                         **CIVIL ACTION NO.1:07CV988 LTS-RHW**

**NATIONWIDE MUTUAL FIRE INSURANCE COMPANY**               **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

The Court has before it Nationwide Mutual Fire Insurance Company's (Nationwide) motion [121] *in limine* asking the Court to exclude the anticipated testimony of Ted Biddy (Biddy), one of the plaintiffs' expert witnesses. This motion will be granted as to Biddy's estimate of the cost plaintiffs would incur in rebuilding their insured dwelling, and in all other respects the motion will be denied.

Nationwide asserts two grounds for excluding Biddy's testimony:

1.  Biddy is not qualified to give an opinion on reconstruction cost or on other engineering issues under *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1992) and Rule 703 of the Federal Rules of Evidence; and

2.  Biddy's opinions concerning the cost of reconstructing the plaintiffs' dwelling is not properly supported as an evidentiary matter nor was his final reconstruction cost estimate properly disclosed.

### Biddy's Opinion Concerning Causation

I find that Biddy has made an adequate disclosure of his testimony as far as the issue of causation (wind damage v. storm surge flooding damage) is concerned, and I believe his testimony on causation meets the requirements of Rule 703 of the Federal Rules of Evidence and of *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1992) and its progeny. The points raised by Nationwide go to the weight and not the admissibility of Biddy's causation opinion.

**The Timeliness and Substance of Biddy's Supplemental Opinion
Concerning the Cost of Reconstruction**

Biddy's original opinion was that the reconstruction cost for the plaintiffs' insured dwelling was $350,806. This opinion was based on the figures for residential construction costs set out in *R. S. Means Building Construction Cost Data*, published by R. S. Means Company (R.S.M.).

During his deposition, on May 23, 2008, Biddy prepared a "supplemental report" in the form of a handwritten amendment to his original opinion concerning reconstruction cost. Biddy's revised estimate was $511,818, a figure 45% higher than his original estimate. Biddy's revised estimate is based on a figure of $150 per square foot for basic construction costs multiplied by the square footage of the plaintiffs' home with an additional $99,318 added for items Biddy listed in abbreviated form. Biddy's original opinion was based on a per square foot cost of $91.45 with the same $99,318 in added items. This handwritten amendment is made on the second page of his original estimate, and it gives no indication why Biddy selected the $150 per square foot figure he used.

In order to render an opinion concerning the cost of rebuilding the insured dwelling, Biddy must meet the requirements of Rule 702 of the Federal Rules of Evidence. *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1992) and its progeny require that the expert follow procedures that are generally recognized within his area of expertise in reaching his opinions. An expert is obliged to disclose the facts upon which he relies in reaching his opinions.

On August 30, 2007, United States District Judge Halil S. Ozerden entered an order [78] in the case styled *St. Charles Condominium Homeowners Association, Inc., v. Landmark American Insurance Company*, Civil Action No. 1:06cv632 HSO-RHW prohibiting Biddy from testifying to replacement cost estimates based on R.S.M. data, the same data Biddy relied upon in this case for his original replacement cost estimate in this action. After conducting a Daubert hearing, Judge Ozerden ruled that the R.S.M. data was not sufficiently specific to the facts of that case to support Biddy's proposed testimony. Biddy was in other respects qualified as an expert and permitted to testify on engineering matters including the cause of damage to the insured property and other wind versus water issues.

Uniform Local Rule 26.1(A)(2)(e) provides that "[a] party is required to supplement an expert's opinion in accordance with F. R. Civ. P. 26(e)." Uniform Local Rule 26.1(A)(2)(c) states, in relevant part, that "[t]he court will allow the subsequent designation and/or discovery of expert witnesses only upon a showing of good cause."

Biddy's "supplemental report" uses a cost of $150 per square foot as the starting point in his calculations. His "supplemental report" gives no indication why Biddy believes this $150 per square foot figure is appropriate. From this starting point Biddy

applies no expertise, he merely makes an arithmetic calculation multiplying 2,750 square feet by this $150 base cost to arrive at the figure of $412,500, to which he adds $99,318 in amenities to arrive at his "revised estimate" of $511,818.

In my opinion, Biddy's proposed testimony concerning reconstruction cost does not meet the requirements of *Daubert*. Nor does Biddy's providing his "revised estimate" during his deposition conform to the local rules concerning the timely disclosure of expert opinions. In light of Judge Ozerden's ruling on the use of the R.S.M. data, I can understand the plaintiffs' need to make appropriate adjustments in their trial strategy and the evidence they wish to present. Had the plaintiffs applied to the Court, I would likely have considered this good cause to allow a timely and orderly supplementation of Biddy's original report *with* an appropriate extension of the discovery deadline to allow Nationwide to respond as necessary in light of any new evidence the plaintiffs then disclosed. But I do not believe a handwritten "supplemental report" given during an expert's deposition, a new estimate that increases Biddy's original replacement cost estimate by 45%–with no substantial disclosure of the facts underlying this new opinion–is fair to Nationwide.

In these circumstances, Nationwide has not had a full and fair opportunity to meet Biddy's proposed reconstruction cost testimony. The utter lack of substance disclosed by Biddy's "supplemental report" leads me to the conclusion that Biddy's proposed opinion rests on an inadequately disclosed foundation. For these reasons, I will grant the defendant's motion, and I will exclude the portion of Biddy's proposed testimony that concerns the cost of reconstruction of the insured dwelling.

The copy of the Nationwide policy attached to the Complaint and to the Amended Complaint are incomplete. These copies have every other page, suggesting that the policy was printed on both sides of each page and that only the front side was copied. The replacement cost provisions of the policy are missing. It is therefore impossible for me to address the question whether replacement cost, rather than actual cash value, is the relevant figure for the calculation of the plaintiffs' damages. In order for this issue to be resolved, it will be necessary to review a copy of the entire policy.

Accordingly, it is

**ORDERED**

That Nationwide Mutual Fire Insurance Company's motion [121] to exclude the testimony of Ted Biddy is **GRANTED IN PART** and **DENIED IN PART**. The motion is **GRANTED** as to Biddy's opinion concerning the reconstruction cost of the plaintiffs' dwelling, and the motion is **DENIED** in all other respects.

**SO ORDERED** this 24th day of November, 2008.

                                              s/ L. T. Senter, Jr.
                                              L. T. SENTER, JR.
                                              SENIOR JUDGE