**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**BILLY DALE SANDERS and JUDY DIANNE SANDERS**           **PLAINTIFFS**

**V.**           **CIVIL ACTION NO.1:07CV988 LTS-RHW**

**NATIONWIDE MUTUAL FIRE INSURANCE COMPANY**           **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

The Court has before it plaintiffs' Motion for Estoppel [111]. Plaintiffs are seeking a ruling that certain payments made by Nationwide Mutual Fire Insurance Company (Nationwide) constitute evidentiary admissions.

Plaintiffs' dwelling and personal property were destroyed during Hurricane Katrina. The cause of this destruction is the fact issue at the heart of this litigation. Loss or damage caused by windstorm is covered under the plaintiffs' Nationwide homeowners policy, but there is a valid policy exclusion within this coverage for damage caused by storm surge flooding.

Plaintiffs had both a homeowners policy and a Standard Flood Insurance Policy (SFIP) sold by Nationwide. The limits of the plaintiffs' SFIP coverage have been paid, and I have ruled in this and other cases that acceptance of flood insurance benefits is an admission by the recipient that the insured property was damaged by storm surge flooding to the extent of the SFIP benefits accepted.

Plaintiffs in this action ask that the Court apply the converse of this rule to Nationwide's payment of benefits under its homeowners policy. Nationwide has paid $94,266.92 for wind damage to the plaintiffs' dwelling and $6,271.77 for wind damage to plaintiffs' other insured structures. Plaintiffs assert that Nationwide should not be allowed to deny that covered wind damage occurred, at least to the extent of the payments Nationwide made under the plaintiffs' homeowners policy.

Nationwide objects to the plaintiffs' request, but Nationwide does not deny that it made these payments, totaling $100,538.69, for wind damage to the insured property. Nationwide has stated as much in writing. In its July 19, 2007, cover letter for these payments Nationwide states: "Based on all available and reliable evidence, we have attempted to calculate and separate the damages caused by wind from those caused by flood. Based on our review of the evidence, we believe that there may be circumstances supporting an additional payment on [the plaintiffs'] claim. . . We are enclosing a check for the amount of damages which we believe we owe at this time for damages caused during Hurricane Katrina."

These statements are admissions for evidentiary purposes, and I do not believe there could be a clearer indication that Nationwide had concluded, at the time this letter was written, that the plaintiffs' dwelling and other structures had sustained $100,538.69 in wind damage during the storm. I have seen no indication that Nationwide intends to contradict or disclaim these admissions, and Nationwide has stated, in its response to this motion, that it will not undertake to contradict these admissions at trial. In light of Nationwide's admissions, and in light of Nationwide's representations to the Court, I will deny the plaintiffs' motion because I believe it to be moot. The denial will be without prejudice to the plaintiffs' right to reassert this motion in the event Nationwide undertakes to present evidence to contradict its admissions.

Accordingly, it is

**ORDERED**

That the plaintiffs' Motion for Estoppel [111] is hereby **DENIED AS MOOT**, without prejudice.

**SO ORDERED** this 2nd day of December, 2008.

s/ L. T. Senter, Jr.
L. T. SENTER, JR.
SENIOR JUDGE