# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**BILLY DALE SANDERS and JUDY DIANNE SANDERS**　　　　　**PLAINTIFFS**

**V.**　　　　　　　　　　　　　　　　**CIVIL ACTION NO.1:07CV988 LTS-RHW**

**NATIONWIDE MUTUAL FIRE INSURANCE COMPANY**　　　　　**DEFENDANT**

## OPINION AND ORDER

The Court has before it the motions in limine filed by Nationwide Mutual Insurance Company (Nationwide) seeking to exclude:

　　Any and All Testimony, Evidence, and Argument Regarding Insurance Claims Other than Plaintiffs' Claims Against Nationwide [143];

　　Any and All Testimony, Evidence, and Argument Regarding Insurance Carriers Other than Defendant [144];

　　Any and All Testimony, Evidence, and Argument Regarding Any Government Investigation of the Insurance Industry's Response To Hurricane Katrina [145];

　　Evidence, Testimony, or Argument Relating to Mississippi Department of Insurance Bulletins and Related Correspondence [149];

　　Any and All Testimony, Evidence, and Argument Regarding Defendant's Unsuccessful Motions [150];

　　Evidence, Testimony, or Argument Regarding Alleged Third-Party Witnesses Clark Vaughan and Chris Knight [152];

　　To Preclude Plaintiffs' Designation of Entire Deposition to be admitted as Trial Evidence [154];

　　Evidence, Testimony, or Argument Regarding Settlement Discussions or Mediation Proceedings [155];

　　Any and All Testimony by Plaintiffs Themselves regarding the alleged cause of Damage to their Property [156].

This order disposes of [143], [144], [145], [149], [150], [152], [154], [155], and [156].

The remainder ([142], [146], [147], [148], [151], [153], and [207]) will be addressed by separate order.

### Other Insurance Claims and the Actions of Other Insurance Companies' Motions [143] and [144]

I have ruled in other cases that the risk of jury confusion, when compared with the minimal probative value of actions taken by insurers in claims other than the plaintiffs', suggests that in most cases evidence of the damage to other properties and evidence of the actions taken by insurers in adjusting other claims should be excluded from evidence. This has never been an iron clad rule, because, for houses in reasonably close physical proximity and exposed to similar storm forces, evidence of the physical damage sustained by these other properties may be sufficiently probative to justify its introduction into evidence, despite the risk of jury confusion. This requires a delicate balancing of these competing interests, and the inquiry necessary to balance these interests is quite fact specific.

I have not heretofore ever allowed the introduction of evidence consisting of the actions taken by insurers other than the defending party because the policies and practices followed by different companies in adjusting losses and claims can vary considerably, and this substantially weakens the probative value of this type of evidence. Absent a strong showing of relevance by the plaintiffs, I will follow my ordinary practice in this regard and exclude evidence of the claims adjustments made by insurers other than Nationwide. Thus, Nationwide's motion to exclude evidence of the adjustment practices of other insurance carriers will be **GRANTED** [144] .

Nationwide's own adjusting practices, policies, and procedures are fair grounds for cross examination, and, while I will not allow the wholesale introduction of evidence of this type, particularly where the other insured property was not reasonably close to the plaintiffs' own dwelling, neither will I prohibit the plaintiffs from developing proof of Nationwide's own claims adjusting in any case where the properties involved are in reasonably close proximity and were exposed to similar storm conditions. Thus, Nationwide's motion to exclude evidence on its own actions will be **DENIED** [143].

### Government Investigations of Insurance Practices Following Hurricane Katrina Motion [145]

Consistent with my prior rulings on this issue, I will exclude evidence of government investigations on grounds of relevance under Federal Rules of Evidence 401. Nationwide's motion to exclude this evidence will be **GRANTED** [145].

### Bulletins Issued by the Mississippi Department of Insurance
### Motion [149]

Unless there is evidence Nationwide used or relied upon bulletins issued by the Mississippi Department of Insurance or evidence Nationwide made a statement (an evidentiary admission) reflected in one of these bulletins, these documents are not relevant to any issue in dispute and will be inadmissible at trial. With these narrow exceptions, Nationwide's motion to exclude this evidence will be **GRANTED** [149].

### The Court's Rulings on Pre-Trial Motions
### Motion [150]

None of the Court's pre-trial rulings will be admissible at the trial of this action. Nationwide's motion to exclude evidence or argument concerning its unsuccessful motions will be **GRANTED** [150]. This ruling will also apply to the plaintiffs' motions.

### Testimony of Witnesses Clark Vaughan and Chris Knight
### Motion [152]

Both of these witnesses were present during Hurricane Katrina and were within one-half mile of the plaintiffs' residence at the time the storm made landfall. Nationwide objects to any testimony from these witnesses because neither of them could actually see the plaintiffs' residence during the storm and have no first hand knowledge of the forces the storm brought to bear on the insured property.

Direct knowledge of what happened to the plaintiffs' property is not a prerequisite to any fact witness's testimony. As long as the proposed witness has relevant knowledge, i.e. knowledge that makes a fact in dispute more or less likely to have occurred, he may testify. One-half mile is not so distant as to require the inference there was a substantial difference in the forces these witnesses observed and the forces at the insured property. This is certainly fair grounds for cross-examination, but I do not believe this fact alone is sufficient to disqualify these witnesses completely. This motion [152] will be **DENIED**.

### Depositions To Be Used at Trial
### Motion [154]

Nationwide objects to the plaintiffs introducing the following depositions during the trial:

1. Charles Higley
2. Robert Croft
3. Martin Gatte
4. Robert Sullivan

5.  Chris Knight
    6.  Charles Vaughan
    7.  Linda Holder

Nationwide asserts the first four individuals on this list are under the control of Nationwide and will appear at trial and be made available to the plaintiffs as trial witnesses and the last three individuals on the list are within the subpoena power of this Court.

I will follow my past practice and not allow the introduction of deposition testimony, except for the purpose of impeachment, if a witness appears at trial and may be called to testify live. Likewise, any local witness who is not shown to be unavailable will be required to appear and testify live rather than through deposition testimony. This motion will therefore be **GRANTED** [154].

### Settlement Discussions and Mediation Proceedings
### Motion [155]

This motion will be **GRANTED** [155]. Evidence related to settlement efforts are and should be excluded from evidence so the parties can freely negotiate and discuss compromises during their settlement discussions.

### Plaintiffs' Testimony Concerning the Cause of Damage to the Insured Property
### Motion [156]

Nationwide seeks to exclude the plaintiffs' testimony concerning the cause of the damage to their property. Nationwide asserts this testimony amounts to an opinion that can only be given by a qualified expert.

Plaintiffs were not present at their home during Hurricane Katrina, and they have no direct first-hand knowledge of the storm forces that damaged their dwelling, other buildings, and personal property. They were, however, able to return to their property as soon as it became accessible, and they were in a position to make first-hand observations of the damage to the property itself, the trees on their property and on adjacent property, and other indicia of storm damage. The plaintiffs can therefore certainly testify to their personal observations, and they will be allowed to testify to reasonable inferences based on those observations.

It would not be improper, in my view, for a lay person to look at roof damage well above a storm surge water line and infer the roof damage was caused by wind. Nor would it be unreasonable to see this water line and infer there was damage from storm surge flooding. The more attenuated the physical evidence becomes, the less likely reasonable inferences can be drawn.

Nationwide specifically objects to the plaintiffs' anticipated testimony that there was a tornado on their property during the storm. A tornado would be a type of windstorm covered by the plaintiffs Nationwide homeowners policy, and a tornado may cause particular types of damage that indicates its presence. I will not, at this time, prohibit the plaintiffs from developing the evidence of what they saw at their property after the storm, but I will reserve the right to re-consider this motion if there is not a sufficient evidentiary basis for the plaintiffs (or any other witness) to support a reasonable inference of the type of windstorm that caused the damage they observed. This motion will therefore be **DENIED** [156].

**SO ORDERED** this 17th day of December, 2008.

s/ L. T. Senter, Jr.
L. T. SENTER, JR.
SENIOR JUDGE